# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| DYLAN DEFABIO, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:25-cv-50395 |
| | ) | |
| v. | ) | |
| | ) | |
| MIK SOLUTIONS INCORPORATED d/b/ | ) | |
| a MIK ELECTRICAL SOLUTIONS, | ) | |
| | ) | Jury Trial Demanded |
| and | ) | |
| | ) | |
| MAKSYM KOLODII, | ) | |
| an individual | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Dylan Defabio ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against MIK Solutions Incorporated d/b/a MIK Electrical Solutions, and Maksym Kolodii (collectively referred to as "Defendants"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay overtime wages to Plaintiff.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 as the FLSA, 29 U.S.C. §201, *et seq*. is a federal statute.

3.    Venue of this action properly lies in the Norther District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in McHenry County, Illinois.

5.      At all times material to the allegations in this Complaint, Defendant MIK Solutions Incorporated d/b/a MIK Electrical Solutions (MIK) is a corporation doing business in and for McHenry County, whose principal place of business is located at 777 Blazing Star Trail, Cary, Illinois 60013.

6.      At all times material to the allegations in this Complaint, Defendant Maksym Kolodii owned, managed, and operated MIK.

7.      During all times material to this Complaint, Plaintiff was Defendants' "employee" within the meaning of 29 U.S.C. § 203(d).

## BACKGROUND FACTS

8.      At all times material, MIK is a business that provides residential, commercial, and industrial electrical services.

9.      Defendant Kolodii, as owner of MIK, exercised complete control over all material aspects of Plaintiff's work relationship, including the power to hire and fire, setting Plaintiff's pay rate, determining when and where Plaintiff would work, assigning specific jobs and daily tasks, and overseeing how Plaintiff's work was to be performed.

10.      At all times material, Defendants were engaged in commerce or in the production of goods for commerce, and Plaintiff's work as an electrician crew lead involved handling and working with tools, materials, and supplies that were produced outside the state and moved in interstate commerce.

11.      Defendants hired Plaintiff as electrician crew lead in or around January 2025.

2

12.     Plaintiff was employed exclusively by Defendants.

13.     Plaintiff was misclassified as an independent contractor and paid as a 1099 worker, despite his work relationship with Defendant mirroring that of an employee.

14.     Plaintiff did not invest in any equipment or tools for his work; all necessary tools and vehicles were provided by Defendants.

15.     Plaintiff had no opportunity to realize profit or loss beyond his hourly rate and had no independent business operations or customers.

16.     Plaintiff's work as an electrician crew lead was an integral part of Defendants' electrical services business.

17.     Plaintiff was economically dependent on Defendants for his livelihood and did not operate a separate or independent business.

18.     Plaintiff's pay rate was set by Defendants, and Plaintiff had no control over his compensation.

19.     Defendants also dictated when Plaintiff was to report to work and when to leave, providing daily job assignments to Plaintiff and his helper, Tony Mazza.

20.     Defendant Kolodii further exercised control over Plaintiff's work by dictating how Plaintiff was to perform his duties.

21.     If Plaintiff encountered issues while performing his work, he was required to call Defendant Kolodii for instructions on how to troubleshoot or proceed.

22.     Plaintiff was required to drive a company-owned vehicle, a van, and was expected to regularly update Defendant Kolodii on the status of jobs.

23.     Plaintiff updated Defendant Kolodii through daily calls, as well as weekly one-hour FaceTime calls.

3

24.     Plaintiff worked long hours, averaging 60 to 70 hours per week, and sometimes working up to 80 hours per week.

25.     Despite the substantial number of hours worked, Plaintiff was never paid overtime compensation for hours worked beyond 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA").

26.     Plaintiff was required to text Defendant Kolodii his hours worked each week.

27.     Although there was a timekeeping app provided, it was not effectively used, and Plaintiff was instructed by Defendant Kolodii to text his hours instead.

28.     Defendant Kolodii paid Plaintiff via Zelle, based on the hours Plaintiff provided in text messages.

29.     However, these payments did not include overtime compensation, as required under the FLSA.

30.     On April 2, 2025, Plaintiff notified Defendant Kolodii that he was improperly classified as an independent contractor, and that he was entitled to overtime pay for all hours worked over 40 hours in a workweek.

31.     Defendant Kolodii responded that Plaintiff's misclassification as a 1099 contractor was advantageous to both parties, as it allowed Plaintiff to work longer hours and make more money without the limitation of overtime pay that would apply if Plaintiff were classified as a W-2 employee.

32.     Kolodii's statement shows that Defendants were aware of the FLSA requirements, and intentionally attempting to circumvent them.

33.     Plaintiff's employment with Defendant ended on June 2, 2025, when Defendant informed Plaintiff that he no longer had work for him.

4

34.     Plaintiff returned the company van to Defendant on June 4, 2025.

35.     Throughout his employment, Plaintiff was responsible for generating substantial business for Defendant, with an estimated $5,000 to $10,000 in business conducted daily.

36.     Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

37.     At all times material, Defendants, individually and collectively, had annual revenue of at least $500,000, and are subject to the requirements of the FLSA.

38.     Defendants, as part of their business, would engage in interstate commerce:

   a) By transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers outside the state of Florida, which were part of interstate commerce;

   b) By advertising on the World Wide Web and other mediums to potential clients outside the State of Florida; and/or

   c) By transacting business across state lines, all of which are part of interstate commerce.

39.     Furthermore, Defendants obtained, exchanged, and sent/received funds to and from areas outside of the State of Illinois and to the State of Illinois, used telephonic transmissions going outside of the State of Illinois to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Illinois.

40.     Defendants, individually and collectively, supervised the operations of the business, including hiring and firing employees, determining compensation policies and

5

procedures, setting work schedules for the employees, and providing work assignments for employees.

41.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a workweek.

42.     Additionally, Defendants repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516.

43.     Plaintiff has suffered  damages, including unpaid wages, and liquidated damages.

44.     Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff proper overtime compensation. As such, Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## COUNT I
### Violation of the Fair Labor Standards Act
### Unpaid Overtime Wages

45.     Plaintiff hereby repeats and incorporates paragraphs 1-44 as if set forth fully herein.

46.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual workweeks.

47.     During the course of his employment by Defendants, Plaintiff weas not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

48.     Plaintiff was directed by Defendants to work, and did work, in excess of forty (40)

hours per week in one or more individual workweeks.

49.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

50.     Defendant's failure to pay Plaintiff the proper over time wages under the FLSA was willful.

51.     The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or Defendant's failed or refused to keep sufficient records.

52.     The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit their information about the number of hours worked.

53.     Defendants' failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

54.     Plaintiff has been required to file this action as the result of Defendants' actions in failing to pay Plaintiff As such, Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

**a.** A declaration that Plaintiff was an "employee" under the FLSA and that Defendants violated the overtime provisions of the FLSA by failing to pay overtime wages;

**b.** Award Plaintiff unpaid overtime wages at a rate of one and one-half times his regular rate of pay for each hour of overtime worked;

**c.** Award Plaintiff liquidated damages equal to the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b);

**d.** Award pre- and post-judgment interest on all sums awarded;

**e.** Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

**f.** Award such other and further relief, including injunctive and equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: September 10, 2025.                    Respectfully submitted,

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630)581-5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*

8