**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Dylan Defabio, <br><br> *Plaintiff,* <br><br> v. <br><br> MIK Solutions Inc. d/b/a MIK Electrical Solutions and Maksym Kolodii, <br><br> *Defendants*. | Case No. 3:25-cv-50395 <br><br> Honorable Michael F. Iasparro |

**REPORT AND RECOMMENDATION**

The Court believes that the parties' settlement agreement and general release represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Accordingly, it is this Court's report and recommendation that the parties' joint motion for approval of settlement [25] be granted. Any objection to this report and recommendation must be filed by 4/15/2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**STATEMENT**

On September 10, 2025, Plaintiff Dylan Defabio filed his complaint alleging Defendants MIK Solutions Inc., which does business as MIK Electrical Solutions, and Maksym Kolodii, the manager, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by misclassifying Plaintiff as an independent contractor, allowing Defendants to avoid paying Plaintiff overtime wages he was owed. Dkt. 1. Defendants answered, denying liability and asserting affirmative defenses. Dkt. 20. On March 11, 2026, the parties filed a joint motion for court approval of their settlement agreement and supplemented that motion by providing the Court with the settlement agreement and general release on March 27, 2026. Dkts. 25, 27.

The Court must determine whether the FLSA settlement "represents a fair and reasonable resolution of a bona fide dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F.Supp.3d 960, 961 (N.D. Ill. 2016); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private settlements [of FLSA claims]."). "If the proposed settlement reflects a reasonable compromise over contested issues, the court

1

should approve the settlement." *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 CV 10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

The Court has reviewed the parties' settlement agreement and general release. The Court finds that there is a bona fide dispute with respect to Plaintiff's claim under the FLSA. Plaintiff alleges he was improperly classified as an independent contractor, resulting in Plaintiff not receiving unspecified overtime wages while working for Defendants over the span of five months. Defendant denies all liability and disputes the allegation that Plaintiff should have been classified as a W-2 employee rather than an independent contractor. The agreement was the result of negotiations between the parties who were represented by competent counsel.

As such, the Court recommends the District Court approve the parties' settlement agreement and general release and find that the total settlement amount of $7,500, consisting of one payment for alleged unpaid overtime in the amount of $1,975.50, one payment for alleged FLSA liquidated damages in the amount of $1,975.50, and one payment for attorneys' fees and costs in the amount of $3,549.00, is fair and reasonable given the legal dispute between the parties and the inherent risks of litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). Any objection to this report and recommendation must be filed by 4/15/2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank*, 882 F.2d at 260-61.

Entered: April 1, 2026        By: _____

Michael F. Iasparro
United States Magistrate Judge

2